UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL JONES,

        Plaintiff,

    v.                                                           23-CV-489-LJV
                                                                     ORDER

ERIE COUNTY ET AL.,

        Defendant.
_____

        Before the Court is a motion for a temporary restraining order ("TRO") filed by the pro se plaintiff, Daniel Jones.[1] Docket Item 5.  Jones claims that the defendants—including Erie County and numerous Erie County officials and employees—have attempted "to collect on a 1992 money judgment that related to child support owed, even though the collection on the judgment was statutorily barred . . . pursuant to New York State CPLR § 211(b) after twenty years." *Id.* at 13; *see also* Docket Item 1 at ¶ 75 (alleging in complaint that "collection [of his 1992 money judgment] was statutorily barred" by section 211(b)).  He also says that the defendants have "undertaken to certify [the] alleged amount owed to [them] and collected from the state and federal government to offset all of [Jones]'s state, federal[,] or city tax refunds to reduce or satisfy the amount owed on the 1992 money judgment."  Docket Item 5 at 2.  And "once certified," he says, "the Secretary of State will refuse to issue a passport to [Jones]." *Id.*  Thus, he asks this Court to enjoin the defendants from issuing a "Certification of

---

      [1] Jones also has moved to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit.  Because Jones meets the statutory requirements of 28 U.S.C. § 1915(a), *see* Docket Item 2, the Court grants that motion.

Support Owed For Tax Refund Offset" and from denying him a passport based on that certification. *See id.* at 1.

A temporary restraining order "is an extraordinary and drastic remedy; one not awarded as a matter of right or entitlement." *Bimbers Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 771 (W.D.N.Y. 2020). "The standard for issuance of a temporary restraining order is identical to that for issuance of a preliminary injunction." *Id.* "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008).

Here, Jones cannot demonstrate that he is likely to succeed on the merits of his claim that "the collection on the judgment was statutorily barred," *see* Docket Item 5 at 13, which is the basis for the request for relief in his TRO, *see generally id.*[2] More specifically, after careful consideration, this Court finds that Jones's claim is likely barred by res judicata and collateral estoppel.

On August 24, 2022, Jones commenced an Article 78 proceeding in New York State Supreme Court, Erie County. *See* Docket Item 1 at ¶ 85. That petition named three respondents—Erie County, Child Support Enforcement, and the Erie County Department of Social Services ("DSS")—and claimed that Erie County officials were "unlawful[ly]" enforcing an unenforceable judgment. *See id.* at 51. On January 25,

---

[2] Jones brings a host of claims in his complaint, *see* Docket Item 1, which this Court will screen in due course under 28 U.S.C. §§ 1915(e)(2) and 1915A. But to establish entitlement to the relief Jones seeks in his TRO, he would have to establish that the defendants are barred from collecting on his 1992 money judgment.

2023, New York State Supreme Court Justice Betty Calvo-Torres dismissed Jones's "claim . . . with prejudice." See id. at 46-53 (Exhibit C to complaint). Among other things, Justice Calvo-Torres found that "[t]he statute of limitations on debt collection cited by [Jones], CPLR 211(b), does not apply in the instant case" because the "respondents never commenced an 'action[,]' as defined in CPLR 105(b) and CPLR103(b)[] against the petitioner to collect child support." Id. at 52. Rather, Jones alleged that the respondents were "withholding payments to his bank for the collection of [his] child support arrears." See id. at 51. Justice Calvo-Torres also found that Jones's claims were barred by collateral estoppel and res judicata based on prior cases he had filed in state court. See id. at 52.

On June 5, 2023, Jones filed this federal action. Docket Item 1. He asserts a host of claims, including that Erie County and its officials are unlawfully attempting to enforce the 1992 judgment. See generally id.

Res judicata—or claim preclusion—"holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Bank of New York v. First Millennium, Inc., 607 F.3d 905, 909 (2d Cir. 2010) (quoting Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000)). To establish res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan, 214 F.3d at 285.

"Collateral estoppel is a narrower species of res judicata . . . that holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a

court of competent jurisdiction is conclusive on the issues of fact and questions of law necessarily decided therein in any subsequent action." *United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 140 (S.D.N.Y. 2015) (alteration in original) (italics omitted) (quoting *Vargas v. City of New York*, 2008 WL 361090, at *4 (S.D.N.Y. Feb. 7, 2008)). "'Whether the prior adjudication occurred in the context of an administrative determination . . . or a full-fledged judicial proceeding,' collateral estoppel is applicable only if (1) 'there is an identity of issue which has necessarily been decided in the prior action and is decisive of the present action,' and (2) the party or one in privity had 'a full and fair opportunity to contest the decision now said to be controlling.'" *Id.* (alteration in original) (quoting *Staatsburg Water Co. v. Staatsburg Fire Dist.*, 72 N.Y.2d 147, 153, 531 N.Y.S.2d 876, 527 N.E.2d 754 (1988)). "The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party . . . . The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination." *Id.* (alteration in original) (quoting *Buechel v. Bain*, 97 N.Y.2d 295, 303-04, 740 N.Y.S.2d 252, 766 N.E.2d 914 (2001)).

   Here, both res judicata and collateral estoppel appear to bar Jones's claim that collection of his 1992 money judgment is prohibited by CPLR § 211(b). Justice Calvo-Torres's decision likely meets the standard for res judicata because it was a final judgment on the merits that involved Jones and because Jones asserted the same claims in that action that he asserts here. *See Monahan*, 214 F.3d at 285. And the decision also likely meets the criteria for collateral estoppel because Justice Calvo-

4

Torres explicitly decided that withholding of funds from Jones to pay his 1992 money judgment was not barred by CPLR § 211(b)—therefore deciding at least some of the claims raised in this action—and Jones had a full and fair opportunity to litigate that issue.  See E. River Hous. Corp., 90 F. Supp. 3d at 140.

What is more, Justice Calvo-Torres found that Jones's claims were barred by both res judicata and collateral estoppel based on prior actions that Jones filed in state court.  See Docket Item 1 at 52.  So if there were any question about whether the state courts would find that Jones's claims were precluded, that seems to be answered by Justice Calvo-Torres's decision.  See Joseph v. Athanasopoulos, 648 F.3d 58, 62 (2d Cir. 2011) ("[I]n determining the res judicata effect of a state court judgment on a plaintiff's federal statutory claims, the federal court must give that judgment the same preclusive effect as would the courts of the state rendering that judgment." (italics omitted)).

For all those reasons, this Court finds that Jones is unlikely to succeed on the merits of his claim about the validity of enforcing his 1992 money judgment, and his motion for a TRO, Docket Item 5, is therefore DENIED.  Jones's motion to proceed in forma pauperis, Docket Item 2, is GRANTED, and the Court will screen Jones's complaint in due course under 28 U.S.C. §§ 1915(e)(2) and 1915A.[3]

---

[3] In this decision and order, the Court has found that Jones's claims are *likely* barred by res judicata and collateral estoppel.  In its screening order, this Court will address whether Jones's claims will be dismissed for failure to state a claim under section 1915(e)(2)), but it does not decide that issue here.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: September 25, 2025
       Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE